UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TRENTON DEKKER and KYLE MORRIS,

        Plaintiffs,

vs.

CONSTRUCTION SPECIALTIES OF
ZEELAND, INC., JUSTIN KOERT,
BERNARD KNAACK, and ISAAC KOERT,
        Defendants.

Case No.  11-cv-00252 (RHB)

HON. ROBERT HOLMES BELL

| Gregory J. McCoy (P51419) | William H. Fallon (P33132) |
|---|---|
| Nicholas R. Dekker (P70930) | Stephanie J. Cebulski (P74955) |
| CUNNINGHAM DALMAN, PC | MILLER JOHNSON |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 321 Settlers Road; P.O. Box 1767 | 250 Monroe Avenue, N.W., Suite 800 |
| Holland, MI  49422-1767 | P.O. Box 306 |
| | Grand Rapids, MI 49501-0306 |
| | (616) 831-1700 |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

 Page

Index of Authorities ................................................................................................ ii

I.      Summary Judgment is Proper on All of the Claims Plaintiffs Failed to Contest. ..........................................................................................................1

II.     Plaintiffs Provided No Evidence of any Violation of the New Jersey Prevailing Wage Law. .............................................................................................1

III.    Plaintiffs Have Provided no Evidence of a Willful FLSA Violation. ................2

IV.    Plaintiffs May Not Amend Their Complaint to Include New FLSA Claims by Raising Them for the First Time in Their Summary Judgment Response. ........................................................................................................3

V.     Plaintiffs' FLSA Claims for Travel Time and Waiting Time Must be Dismissed, Because There is no Competent Evidence to Support Those Claims. ............................................................................................................4

       A.      Plaintiffs Have Not Presented Any Evidence that Supports A Claim of Compensable Travel Time. ........................................................5

             1.     There Is No Evidence That Defendants Failed to Pay for Travel Time That Was Compensable Time Under CSI's Former Written Policy. ..................................................................5

             2.     Plaintiffs' Allegations Regarding Work Performed Before, During, and After Commutes Fail to Prove Compensable Commuting Time. ............................................................................5

                    a.     Overnight out-of-town travel is not travel that is "all in a day's work," as a matter of law. .......................................................6

                    b.     Plaintiffs did not engage in any "all in a day's work" travel for which they were not paid. ..........................................................7

                    c.     *Treadway* does not apply here, because it involved only travel that was during the employees' regular work hours. ..............7

             3.     Plaintiffs' Claimed Activity During Overnight Trips Did Not Render That Time Compensable. .........................................8

       B.      Plaintiffs Provide No Evidence or Authority Supporting Compensable Waiting Time Under the FLSA. ..........................................9

Conclusion ..............................................................................................................10

# **INDEX OF AUTHORITIES**

Page

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 1

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ......................................................... 4

*Chao v. Akron Insulation and Supply, Inc.*, 184 Fed. Appx. 508 (6th Cir. 2006) ....................... 10

*Crenshaw v. Quarles Drilling Corp.*, 798 F.2d 1245 (10th Cir. 1986) ......................................... 8

*Dole v. Elliot Travel & Tours*, 942 F.2d 962 (6th Cir. 1991) ........................................................ 2

*Gilmore v. Gates, McDonald, and Co.*, 382 F.3d 1312 (11th Cir. 2005) ...................................... 3

*Herman v. Palo Group Foster Home*, 183 F.3d 468 (6th Cir. 1999)............................................ 2

*Innovation Ventures, LLC v. N.V.E., Inc.*, 747 F. Supp. 2d 853 (E.D. Mich. 2010) ...................... 1

*Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076 (8th Cir.1999) ......................................................... 4

*Jocham v. Tuscola County*, 239 F.Supp.2d 714 (E.D.Mich.2003) ................................................ 3

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) .............................................................. 2

*Myers v. Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999) ....................................................... 5

*Penny v. United Parcel Service*, 128 F.3d 408 (6th Cir. 1997) .................................................... 8

*Shanahan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996) .......................................................... 4

*Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274 (10th Cir. 2006) ............................................. 3

*Treadway v. BGS Construction, Inc.*, 2007 WL 2815439 (S.D. W.Va. Sept. 25, 2007) ............................................................................................................................................ 7

*Tucker v. Union of Needletrades, Indus., and Textile Employees*, 407 F.3d 784 (6th Cir. 2005) ................................................................................................................................ 3

*United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991) ................................................................. 4

*Vega v. Gasper*, 36 F.3d 417 (5th Cir. 1994) .............................................................................. 10

*Walling v. Mid-Continent Pipe Line Co.*, 143 F.2d 308 (10th Cir. 1944) ..................................... 8

Index of Authorities
(continued)

Page

**Rules**

Fed. R. Civ. P. 56(c) .................................................................................................................. 4

**Regulations**

29 C.F.R. § 785.35 .................................................................................................................... 6

29 C.F.R. § 785.39 ................................................................................................................. 6, 7

29 C.F.R. § 790.7 ...................................................................................................................... 6

Plaintiffs' response brief confirms that summary judgment should be granted.

## I. SUMMARY JUDGMENT IS PROPER ON ALL OF THE CLAIMS PLAINTIFFS FAILED TO CONTEST.

Plaintiffs did not oppose summary judgment on (1) their claim under the Michigan Minimum Wage Law; (2) their unjust enrichment claim, and (3) their FLSA claim for unpaid meal periods. As a result, summary judgment must be granted on these claims. *Innovation Ventures, LLC v. N.V.E., Inc.*, 747 F. Supp. 2d 853, 860 (E.D. Mich. 2010) (issue conceded by responding party's failure to address it in response brief).

## II. PLAINTIFFS PROVIDED NO EVIDENCE OF ANY VIOLATION OF THE NEW JERSEY PREVAILING WAGE LAW.

Plaintiffs concede that their prevailing wage claim involves only New Jersey state law. (DE # 34, p. 23) But their response provides no evidence that they performed any work subject to the New Jersey Prevailing Wage Law.

Defendants supported their motion for summary judgment with evidence demonstrating that Plaintiffs never worked on any project that was paid for by New Jersey State funds. (DE # 28, Ex. 1, ¶ 15) In the face of that showing, Plaintiffs "may not rest upon mere allegation or denials of [their] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiffs failed to do so.

Plaintiffs claim that an unidentified Defendant told them they worked on a job that was covered by the New Jersey Act. (DE # 34, p. 24) That claim is without any support in the record. It is also irrelevant. The relevant issue is whether Plaintiffs performed work that was

actually covered by the New Jersey Act, not what a Defendant allegedly said about it. The uncontested fact is that Plaintiffs performed no prevailing wage work in New Jersey.[1]

### III. PLAINTIFFS HAVE PROVIDED NO EVIDENCE OF A WILLFUL FLSA VIOLATION.

Plaintiffs have failed to offer any evidence that Defendants "either knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by the statute" – which is required to show a "willful" violation of the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (emphasis added). To survive summary judgment, Plaintiffs must offer some evidence that Defendants had notice or actual knowledge that their actions violated the FLSA. *See, e.g., Herman v. Palo Group Foster Home*, 183 F.3d 468, 474 (6th Cir. 1999) (willful violation found where the U.S. Department of Labor investigated the employer twice, and the employer provided assurances it would comply in future); *Dole v. Elliot Travel & Tours*, 942 F.2d 962, 967 (6th Cir. 1991) (willful violation found where the employer had actual notice by virtue of earlier violations, and assured the Department of Labor of future compliance).

Plaintiffs allege that Defendants told them not to record certain time on their timesheets. (DE #34, p. 21) As shown in Defendants' original brief, Defendants lawfully declined to pay Plaintiffs time for that was not compensable under the FLSA. In any event, Plaintiffs have presented no evidence that Defendants refused to pay Plaintiffs for any FLSA-compensable time while Defendants were on notice that such an action violated the FLSA. Plaintiffs make other arguments that Defendants "deliberately" failed to pay for certain travel time (DE # 34, p. 22), but those claims are completely unsupported by evidence.

---

[1] Plaintiffs' response includes a cursory request – more than two months after the close of discovery – that the Court order Defendants to produce certain documents that supposedly relate to their New Jersey claim. (DE # 34, p. 24) If this request is a motion to compel, it is untimely, it is not accompanied by a brief (as required by Local Rule 7.3) or a certification of a good-faith effort to resolve (as required by Local Rule 7.1(d)). The Court should disregard Plaintiffs' inappropriate and untimely request.

### IV.  PLAINTIFFS MAY NOT AMEND THEIR COMPLAINT TO INCLUDE NEW FLSA CLAIMS BY RAISING THEM FOR THE FIRST TIME IN THEIR SUMMARY JUDGMENT RESPONSE.

Plaintiffs' Complaint asserted three FLSA claims: (1) uncompensated travel time under CSI's "written policy"; (2) uncompensated time waiting at job sites; and (3) uncompensated meal periods.  (DE # 1, ¶¶ 14-15, 17)

Plaintiffs' response attempts – for the first time – to add claims alleging: (1) that they performed compensable work at CSI before departing for out-of-town job sites in Company vans, and performed additional work upon arriving back at CSI (DE # 34, pp. 2-3); (2) that this work rendered their overnight trips to the job sites, as well as certain waiting time upon their initial arrival at the job sites, compensable under the FLSA as "all in a day's work" (DE # 34, pp. 6-9, 20); and (3) that they performed compensable work (such as transporting equipment or driving) while traveling (DE # 34, pp. 9-11).

Plaintiffs' attempt to add new claims at this stage of the litigation is entirely improper.  The Tenth Circuit rejected a similar strategy in *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1284-85 (10th Cir. 2006).  The complaint in *Smith* pled an FLSA claim for uncompensated travel time.  The plaintiffs attempted to inject new claims for uncompensated pre-shift and post-shift work into the proposed pre-trial order, but the Tenth Circuit rejected this maneuver.  The court held that the liberal pleading standard "does not require the district court to fabricate a claim that a plaintiff has not spelled out in the complaint."  *Id.* at 1284 (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)).

Plaintiffs may not amend their Complaint through argument in a brief opposing summary judgment.  *Tucker v. Union of Needletrades, Indus., and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (citing *Gilmore v. Gates, McDonald, and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2005)); *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D.Mich.2003) (citing

3

*Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). Therefore, Plaintiffs cannot now raise the new claim that they performed compensable work at CSI prior to their departure and after their return, nor the new claim that alleged pre-departure work rendered all subsequent time compensable as time "all in a day's work," nor the new claim that they performed work while traveling to job sites.

V. **PLAINTIFFS' FLSA CLAIMS FOR TRAVEL TIME AND WAITING TIME MUST BE DISMISSED, BECAUSE THERE IS NO COMPETENT EVIDENCE TO SUPPORT THOSE CLAIMS.**

Plaintiffs have presented no competent evidence to support their claims for waiting time and travel time. Plaintiffs present only blanket assertions that they were not paid for compensable time; they "guess" at how much time they claim to have performed compensable work; and they attach depositions and time records without indentifying a single specific example of uncompensated time. This failure violates their responsibility to present actual evidence under Fed. R. Civ. P. 56(c). *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir.1999) (a district court "is not 'obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim'") (internal citation omitted); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

This is not a case where the employer's time records are "inaccurate or inadequate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Early in discovery, Defendants produced the daily time sheets (which Plaintiffs themselves prepared) and their payroll records for the entire period at issue. Plaintiffs claimed that their payroll records would contain proof that Defendants did not pay them properly. (DE # 32-2, ¶¶ 7-8, 10-11; DE #32-3, ¶¶ 7-8, 10-11) FLSA plaintiffs may use a "relaxed" burden of proof allowing them to "prove their damages inferentially" only where they "cannot prov[e] damages with specificity by

4

the use of available employment records." *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551-52 (6th Cir. 1999). In this case, Plaintiffs cannot rely on conjecture and nonspecific allegations. They have all of the records necessary to provide specific proof of the violations they claim, but are unable to do so.

    **A.    Plaintiffs Have Not Presented Any Evidence that Supports A Claim of Compensable Travel Time.**

        **1.    There Is No Evidence That Defendants Failed to Pay for Travel Time That Was Compensable Time Under CSI's Former Written Policy.**

Plaintiffs do not dispute that CSI's obligations under the written travel time policy ceased in May 2009. Instead, Plaintiffs make a new and unsupported claim that, while the policy was in effect, CSI "shaved off" hours from their reported travel time after comparing it to MapQuest. (DE # 34, p. 17) Plaintiffs have not presented evidence of a single occasion on which either of them lost compensable hours due to "shaving" of time based on MapQuest.

Plaintiffs' response presents several time sheets and payroll records, and claims that these records are evidence that CSI "shaved off" travel time. (*See* DE #34-4) But the records from March 15, 2009 (the first date of liability under the FLSA's statute of limitations) through mid-May 2009 (when the written travel time policy ended) show that Defendants compensated Plaintiffs for all reported travel time.[2] (DE #34-4, pp. 1-2, 5-6, 7-8)

        **2.    Plaintiffs' Allegations Regarding Work Performed Before, During, and After Commutes Fail to Prove Compensable Commuting Time.**

Plaintiffs' new claim that work they allegedly performed at CSI rendered their commute to and from remote job sites compensable as "all in a day's work" fails for several

---

[2] On two occasions Sally Koert made deductions from Plaintiff Dekker's travel time pay as reimbursement for a hard hat that he purchased. (DE # 35-3, pp. 45-46; DE # 34-4, pp. 1-2, 5-6.) These deductions do not show that Plaintiff Dekker was deprived of pay under the "old" travel time policy; they show only that his pay was subject to a deduction for an expense that Dekker incurred.

reasons.  First, as shown above, Plaintiffs did not plead this claim in their Complaint.  Second, the undisputed facts show that Plaintiffs did not perform any compensable work while riding in the vans to the job sites, so their travel time was non-compensable as a matter of law.

### a. Overnight out-of-town travel is not travel that is "all in a day's work," as a matter of law.

Plaintiffs first argue that 29 C.F.R. § 785.35 (the "all in a day's work" regulation) applies to overnight, out-of-town travel governed by 29 C.F.R. § 785.39.  (DE # 34, p. 6) Plaintiffs also argue that 29 C.F.R. § 790.7 (which defines "preliminary" and "postliminary" activities for determining when the "all in a day's work" regulation applies) governs overnight, out-of-town travel.  (*Id.*)  Plaintiffs correctly admit, however, that the overnight out-of-town travel regulation "is independent" of the "all in a day's work" regulation.  (*Id.*)

FLSA regulations and USDOL opinion letters clearly hold that performing compensable work before departing on overnight, out-of-town travel does not convert the travel to compensable time.  The regulation itself states that such travel is compensable only when it "cuts across the employee's work day."  Thus travel that was compensable when it began during "work hours" becomes non-compensable travel at the end of "work hours," even though the time may involve a continuous trip.  29 C.F.R. § 785.39.  Further, the Department of Labor opinion letter quoted in Defendants' original brief makes it clear that the "all in a day's work" regulation (29 C.F.R. § 785.35) does not apply to overnight travel away from home.  (DE # 28, p. 21) Indeed, any other reading of the overnight travel regulation would eviscerate it, as an employee who left work at the end of the day to travel out of town for an overnight stay could claim that *all* of the travel was compensable as "all in a day's work."

6

### b.     Plaintiffs did not engage in any "all in a day's work" travel for which they were not paid.

Plaintiffs' second argument is that during one job they traveled to out-of-town locations during work hours. (DE # 34, p. 16; DE # 34-3.) Plaintiffs offer no evidence that they were not paid for these hours, or that this happened on more than one isolated occasion. As shown above, Plaintiffs cannot rely on generalized, non-specific claims that there were compensable hours for which they were not paid, when they have been provided with the detailed time records that would enable them to identify when – if ever – that happened. Moreover, Plaintiff Dekker declares that Plaintiffs generally arrived later in the morning on Tuesday mornings, and typically began their return trips between 3 p.m. and 4 p.m. on Thursday afternoons; as a result, Plaintiffs never worked before or after those times on those days. Plaintiffs' own evidence shows that they traveled outside their "regular work hours" as they understood them.

### c.     *Treadway* does not apply here, because it involved only travel that was during the employees' regular work hours.

Plaintiffs' reliance on *Treadway v. BGS Construction, Inc.*, 2007 WL 2815439 (S.D. W.Va. Sept. 25, 2007), demonstrates their failure to understand the distinctions drawn by the USDOL travel time regulations. *All* of the out-of-town travel at issue in *Treadway* occurred *during the employees' regular work hours*. Therefore, that time was compensable under 29 C.F.R. § 785.39, which provides that out-of-town travel that occurs during the employee's work hours is compensable, even if the travel occurs on nonworking days during those hours. In contrast, Plaintiffs' out-of-town travel did not take place during their work hours. Thus *Treadway* lends no support to their claim.

7

### 3. Plaintiffs' Claimed Activity During Overnight Trips Did Not Render That Time Compensable.

Plaintiffs' response brief argues that their travel to out-of-town job sites was compensable because they were transporting equipment or driving. As shown above, this new claim fails because it was not pled in their Complaint. It also fails on substantive grounds.

First, Plaintiffs erroneously argue that all time spent "transporting" equipment is compensable (DE #34, p. 11), citing *Crenshaw v. Quarles Drilling Corp.*, 798 F.2d 1245, 1346 (10th Cir. 1986), and *Walling v. Mid-Continent Pipe Line Co.*, 143 F.2d 308, 311 (10th Cir. 1944). *Crenshaw* and *Walling* did not require compensation for all time spent "transporting" any nature of materials. They held only that time was compensable when an employer <u>required</u> employees to <u>drive</u> specially-equipped trucks hauling equipment that was essential to perform the work. Those cases do not extend to the voluntary use of company vans by employees who elect that manner of personal transportation.

Plaintiffs do not refute Defendants' evidence that Plaintiff Morris never held a valid driver's license during the time in question. Plaintiff Dekker testified in his deposition that only those employees with valid driver's licenses drove the vans. While he now attempts to take the opposite position in his Declaration – asserting that Plaintiff Morris spent time driving the van – this strategy must be rejected. "A party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997). Plaintiff Morris therefore cannot claim that he spent any time driving the van.

Plaintiffs' response admits that "no particular person was directed to drive" the vans. (DE # 34, p. 14) Plaintiffs resort to the circular argument that, because the voluntary carpool would not work unless someone drove the van, anyone who drove the van was <u>required</u>

8

to drive the van. (DE # 34, p. 14) This argument is not supported by logic or evidence. It is undisputed that employees' decisions to ride in the van and drive the van were entirely voluntary. Under explicit Department of Labor guidance, therefore, the driving time where "an employee elects to transport other employees to and from work and such employee is driving the employer's vehicle for his/her own convenience" is not compensable. (DE # 28, Ex. 15)

### B. Plaintiffs Provide No Evidence or Authority Supporting Compensable Waiting Time Under the FLSA.

Plaintiffs' new claim that their waiting time was compensable as "all in a day's work" fails, not only because it was not pled in the Complaint, but also because Plaintiffs have not provided evidence of any compensable waiting time. Plaintiffs testified in their depositions that they could not point to any particular day or time that they were waiting at a job site, but were merely "guessing" as to how much time they spent waiting. (DE # 30-2, p. 17; DE # 30-3, p. 5; **Exhibit 1**, Dep. of Kyle Morris, p. 44)

Plaintiffs' new contentions actually contradict their waiting time claims. Plaintiff Dekker now states that after the overnight drive Plaintiffs "often" arrived before typical working hours and had to wait. (DE #34-1 at ¶ 6) But this statement directly contradicts Plaintiffs' argument that they were "often still driving at 7 am and did not get to the job sites until much later." (DE #34, p. 16) If they "often" arrived "much later," they can hardly claim they were "waiting" because of arriving early. The rest of Plaintiffs' response is nothing more than bare allegations that Plaintiffs spent an unidentified amount of time waiting. Though they have all of their daily time sheets, Plaintiffs have not identified a single example of a gap in their working hours where they were allegedly waiting to begin work and were not paid.

The cases Plaintiffs cite provide no support for their waiting time claim. First, Plaintiffs misrepresent the holding in *Chao v. Akron Insulation and Supply, Inc.*, 184 Fed. Appx.

9

508 (6th Cir. 2006). Plaintiffs argue that *Chao* held employees to be entitled to pay for time spent "drinking coffee and socializing while they waited." (DE # 34, p. 21). To the contrary, the court's reference to "drinking coffee and socializing" was to *reject* the employer's factual assertion that employees should not be paid because they were waiting only to "drink coffee and socialize." *Id.* at 511. Also, the key to the court's decision in *Chao* (and the cases it cited) was the fact that the employer "require[d] the employees to gather at the employees place of business" to perform work before leaving for off-site work locations. *Id.* at 510. But CSI did not require Plaintiffs to report to the shop before travel, because travelling in company vans was entirely voluntary.

Second, *Vega v. Gasper*, 36 F.3d 417, 425-426 (5th Cir. 1994), did not decide the waiting time issue. The district court's conclusion that certain waiting time was compensable as "all in a day's work" was based on its erroneous conclusion that voluntary travel in employer-provided vans was compensable time. The Fifth Circuit reversed on both points, and remanded for the district court to decide whether the employees were "engaged to wait." *Id.* at 426.

## CONCLUSION

For the reasons shown above, as well as in Defendants' original brief, Defendants' Motion for Summary Judgment and Motion for Judgment on the Pleadings should be granted and Plaintiffs' claims dismissed with prejudice.

                                        MILLER JOHNSON
                                        Attorneys for Defendants

Dated:  February 28, 2012      By */s/ William H. Fallon*
                                        William H. Fallon (P33132)
                                        Stephanie J. Cebulski (P74955)
                                        250 Monroe Avenue, N.W., Suite 800
                                        Grand Rapids, Michigan  49501-0306
                                        Telephone:  (616) 831-1700
                                        Email:  fallonw@millerjohnson.com