UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRENTON DEKKER and KYLE MORRIS,

        Plaintiffs,

                                      File No.  1:11-CV-252

v.

                                       HON. ROBERT HOLMES BELL

CONSTRUCTION SPECIALTIES OF
ZEELAND, INC., JUSTIN KOERT,
BERNARD KNAACK, and ISAAC KOERT,

        Defendants.

_____/

## **O P I N I O N**

This action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., is before the

Court on Defendants' motion for summary judgment and/or for judgment on the pleadings.

 (Dkt. No. 27.)  For the reasons that follow, Defendants' motion will be granted in part and

denied in part.

## **I.**

Defendant Construction Specialties of Zeeland, Inc. ("CSI") specializes in the

installation of light gauge steel trusses for clients in Michigan and in the eastern and southern

portions of the United States.  Defendants Justin Koert, Bernard Knaack, and Isaac Koert are

owners, directors, and/or officers of CSI.  Plaintiffs Kyle Morris and Trenton Dekker were

employed as carpenters by Defendant CSI in October  2006 and October 2007 respectively.

Plaintiffs resigned their employment in December 2010.  In March 2011, Plaintiffs filed this

action against Defendants alleging violations of the FLSA (Count 1),violations of the  the Michigan Minimum Wage Law (Count 2), unjust enrichment (Count 3), and violation of the New Jersey state prevailing wage law (Count 4).

During their employment for CSI Plaintiffs worked on construction projects in the eastern and southern portions of the United States.  Plaintiffs would typically meet at CSI on Monday evening, drive through the night  in a  company van to their job site, remain at the job site for ten consecutive days, and leave the job site on Thursday afternoon to return to Zeeland.  In this action, Plaintiffs complain that Defendants failed to pay the minimum and overtime compensation to which they were entitled for time spent traveling to and from out-of-town job sites, for time spent waiting at job sites, and for work performed during their lunch breaks.  Defendants have requested summary judgment on all of Plaintiffs' claims.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If Defendants carry their burden of showing there is an absence of evidence to support a claim, Plaintiffs must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue

of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiffs. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989

## III.

Count I of Plaintiffs' complaint seeks compensation under the FLSA for three types of time: overnight travel to job sites, waiting time, and lunch breaks.

### A. Travel

Defendants contend that Plaintiffs' overnight travel to out-of-town job sites was not compensable because Defendants did not have any written policy after May 2009 to pay employees for such time, and such time was not otherwise compensable under the FLSA because it constituted Plaintiffs' commute and involved overnight out-of-town travel.

As a general rule, the FLSA does not require employers to pay for commuting time.

"Normal travel from home to work is not work time." 29 C.F.R. § 785.35.[1] "Normal travel" is defined by "what is usual within the confines of a particular employment relationship." *Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1287 n.3 (10th Cir. 2006) (quoting *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 272 (2d Cir. 1999)). Commuting time is non-compensable "regardless of the length" of the commute as long as it "was a contemplated, normal occurrence" of the employment relationship. *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 272 (2d Cir. 1999); *see Smith v. Aztec Well*, 462 F.3d at 1286 n. 3 (denying compensation for seven-hour commutes to remote oil drilling rigs); *Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994) (denying compensation for lengthy commute by farm workers). Carpooling from a central meeting place, rather than directly from home, even in a company vehicle, remains a commute where the employees choose to do so for their own convenience. *Smith v. Aztec Well*, 462 F.3d at 1288.

In this case there is no dispute long distance commuting was a "contemplated, normal occurrence" of Plaintiffs' job. Plaintiffs accepted the job with the understanding that they would be working at diverse and remote job sites. There is also no evidence that Plaintiffs

---

[1] The FLSA provides:

An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment. This is true whether he works at a fixed location or at different job sites. Normal travel from home to work is not worktime.

29 C.F.R. § 785.35.

were required to travel in the company van. Plaintiffs testified that they preferred to car pool in the company van because it avoided wear and tear on their personal vehicles. (Dekker Dep. 57-58; Morris Dep. 31-32.) Plaintiffs nevertheless contend that their travel time was compensable because they worked at CSI before beginning travel, the travel included driving and transporting equipment for the benefit of the employer, and some of the travel occurred during the normal work-day.

Defendants contend that Plaintiffs' arguments that they performed compensable work at CSI before their departure and after their return, their claim that their pre-departure work rendered all subsequent time compensable as time "all in a day's work," and their claim that they performed work while traveling are new claims. Defendants contend that Plaintiffs may not amend their complaint to include new FLSA claims by raising them for the first time in response to Defendants' summary judgment motion. *See Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1284-85 (10th Cir. 2006); *Tucker v. Union of Needletrades, Indus., and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

The Court does not view Plaintiffs' arguments as new claims. Plaintiffs have one claim for compensation for overnight travel. Plaintiffs' arguments are consistent with that claim, and the facts concerning these arguments were developed during discovery.

The FLSA provides that travel that is all in the day's work is compensable:

Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the

travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. . . .

29 CFR § 785.38

Application of the all-in-a-day's-work rule depends on whether the activities conducted prior to travel were "integral and indispensable to their principal activities." *See Smith v. Aztec Well*, 462 F.3d at 1289. As noted in *Smith v. Aztec Well*,

If the plaintiffs' first principal activity took place at the [meeting place] before traveling to the well site, and their last principal activity took place at the [meeting place] after returning from the well site, then, under *Alvarez*, their travel time would be included within their workday.

*Id.* The court held that the plaintiffs' pre- and post-travel activities were not integral and indispensable to their principal activities where there was no evidence that they received necessary instructions at the meeting place, and there was no evidence that the company regularly required the plaintiffs to pick up or drop off essential equipment or paperwork while traveling. *Id. See also Vega v. Gasper*, 36 F.3d 417, 425 (6th Cir. 1994) (holding that travel time was not compensable where the plaintiffs performed no work prior to or while traveling, and the information received regarding which field they would pick and their pay rate was not enough instruction to render the time compensable).

Plaintiffs have presented evidence that they performed work at CSI on Monday evenings prior to their departure for the job site, including receiving instructions, attending a mandatory safety meeting, and loading the van and often a trailer with essential work equipment. (Dekker Decl. ¶ 2.) Plaintiffs have presented sufficient evidence to create a

6

material issue of fact for trial as to whether the work was incidental and non-compensable, as determined in *Smith v. Aztec Well* and *Vega*, or whether it was sufficient to trigger the all in a day's work provision.

Plaintiffs contend that although they carpooled for their own convenience, it was also for Defendant CSI's benefit. Plaintiffs have presented evidence that although Defendants did not assign or require anyone to drive, at least some of the employees were required to drive the van because the van was needed to transport tools, equipment, supplies, and sometimes to drop off crews at other job sites. As Defendants themselves have acknowledged, if an employee is required to drive the van, the travel time is compensable. (Defs. Ex. 14, Opinion by DOL Office of Enforcement Policy, May 13, 1996.) There is a question of fact as to whether Plaintiffs' travel was partly for the employer's benefit.

Finally, Plaintiffs contend that at least some of their travel time was compensable because it occurred during their regular work hours. The FLSA requires a company to pay for overnight, out-of-town travel when it cuts across the employee's workday. *See* 29 C.F.R. § 785.39.[2] However, the FLSA does not generally require a company to pay for overnight,

_____

[2]The FLSA provides:

Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on

(continued...)

out-of-town travel outside of regular work hours.  Defendants have presented evidence that Plaintiffs' normal work hours were from 7:00 a.m to 4:00 p.m.  (J. Koert Decl. ¶ 5; I. Koert Decl. ¶ 3.)  Defendants  contend that Plaintiffs' travel fell entirely outside of their working hours.  Defendants' have presented Plaintiffs' time sheets which they contend show that Plaintiffs' overnight travel to and from job sites was uniformly outside their workday hours on the job site.

In response, Plaintiffs contend that the travel to the job site would sometimes cut into their work day, and that the travel home would sometimes begin during their work day. Plaintiffs have presented testimony from Defendants that the normal work day was sun up to sun down rather than 7:00 a.m. to 4:00 p.m. (Justin Koert Dep. 18.)  They have also presented evidence that they did not always arrive at the job site before 7:00 a.m. or sunup, and that they often left the job site to travel home before sundown, or  before 4:00 p.m. Accordingly, there is a question of fact as to whether the travel cut across the Plaintiffs' work day.

Plaintiffs contend that during the time period of March 15, 2009, through mid-May 2009, when the written travel time policy ended, Defendants shaved off travel time by using

---

[2](...continued)
Saturday and Sunday as well as on the other days.  Regular meal period time is not counted.  As an enforcement policy the Divisions will not consider as worktime that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

29 C.F.R. § 785.39

the MapQuest estimate of their travel time rather than their actual travel time.  Defendants contend that Plaintiffs have not presented any evidence in support of their claim that Defendants failed to pay for travel time that was compensable under CSI's former written policy.  Defendants contend that the time sheets show that Defendants compensated Plaintniffs for all reported travel time.  Plaintiffs contend that they were directed not to reflect certain time disparities on their work sheets because Defendants said that the time was not compensable.  Plaintiffs' ability to show that Defendants did not adequately reimburse them under the former written travel time policy is an issue of fact for trial.

Whether any of Plaintiffs' overnight travel to job sites is compensable under the FLSA depends on a number of disputed issues of fact.  Accordingly, Defendants' motion for summary judgment on Plaintiffs' claim for travel time will be denied.

## B.  Waiting

Defendants contend that they do not owe Plaintiffs compensation for time spent waiting at job sites due to weather or other third-party delays because Plaintiffs' were "waiting be engaged."

Waiting time is not compensable if employees are "waiting to be engaged" rather than "engaged to wait."  29 C.F.R. § 785.14.  Whether waiting time is for the benefit of the employer or the employee depends on all the circumstances of the case, including:  (1) the extent to which an employee's free will is constrained during the waiting time, (2) the extent to which the employer actually benefits form the waiting time, (3) whether the agreement and

9

understanding between the employer and employee indicate that waiting time will be compensated, and (4) whether the employer requested or required that the employee wait. *Bernal v. TrueBlue,* Inc, 730 F. Supp.2d 736, 741 (W.D. Mich. 2010) (citing cases).

Defendants have presented evidence that Plaintiffs were free to do what they wanted if weather or other issues delayed the start of their workday. (J. Koert Dep. 44-46.) Plaintiffs would normally get breakfast, go to a gas station, return to the hotel, or wait in the company van. (J. Koert Dep. 44-46; Dekker Dep. 84, 86-88; Morris Dep. 41-42.) Defendants contend that, to the extent Plaintiffs' mobility was restricted, this was not due to CSI's actions, but to Plaintiffs' voluntary choice to leave their personal vehicles at home and to carpool in the van.

Plaintiffs contend that they often had to wait when they first arrived at the job site because Defendants required them to begin their travels earlier than was necessary. They also contend that they were often required to remain at the job site because it was unclear when work would begin and they had to be present on site when the general contractor was ready for them. Finally, they contend that they often used waiting time to purchase gas or other supplies for the job.

There are questions of fact as that prevent this Court from ruling, as a matter of law, that Plaintiffs were waiting to be engaged, rather than engaged to wait.

## C. Lunch

Defendants contend that they do not owe Plaintiffs compensation for the unpaid

portion of Plaintiffs' lunch periods because Plaintiffs were completely relieved of their duties during those periods. Defendants also contend that, to the extent Plaintiff Dekker took business calls during his lunch hour, thirty minutes of his lunch hour was paid, and Plaintiffs' evidence reveals that his business calls never exceed the thirty minutes of paid time.

Plaintiffs have not responded to Defendants' request for summary judgment on their claim for unpaid lunch periods. "When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion." *Ctr. For Biological Diversity v. Rural Utils. Serv.*, No. 5:08–292–JMH, 2009 WL 3241607, at *3 (E.D.Ky. Oct. 2, 2009) (citing Humphrey v. U.S. Attorney General's Office, 279 Fed.Appx. 328, 331 (6th Cir.2008)); *see also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Innovation Ventures, LLC v. N.V.E. Inc*., 747 F. Supp. 2d 853, 860 (E.D. Mich. 2010) (issue conceded by responding party's failure to address it in response brief). Because Plaintiffs have not responded to Defendants' argument regarding lunch periods, Defendants' will be granted summary judgment on this claim.

**D. Willfulness**

Defendants contend there is no evidence to support Plaintiffs' claim of a "willful" violation of the FLSA.

The FLSA includes a two-tiered statute of limitations, with a longer limitations period for "willful" violations.  29 U.S.C. § 255(a).  Congress's adoption of the two-tiered statute of limitations, "makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988).  To show a "willful" violation under the FLSA, Plaintiffs must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *Id.* at 133.

The only evidence Plaintiffs have pointed to in support of their claim of willfulness is Dekker's testimony that Defendants became angry about certain time being recorded.  (Dekker Dep.71, 80, 88-89.)  Plaintiffs' evidence shows, at most, that Defendants' disagreed with Plaintiffs about what time was compensable.  Plaintiffs' evidence is not sufficient to show that Defendants' knew that the time was compensable, or that they showed reckless disregard for the matter of whether the conduct was prohibited by statute.  Plaintiffs have not shown that there is a material issue of fact on the issue of willfulness.  Accordingly, Defendants will be granted summary judgment on Plaintiffs' willfulness claim.

**IV.**

Defendants contend that Plaintiffs cannot establish a claim under the Michigan Minimum Wage Law of 1964, Mich. Comp. Laws § 408.381 *et seq.* (Count II) because there is no evidence that the provisions of the FLSA caused Plaintiffs to be paid less than $7.40 an hour, and the MMWL does not otherwise apply to employers covered by the FLSA.

Plaintiffs have not responded to Defendants' argument regarding their claim under the MMWL.  Plaintiffs have accordingly conceded this issue.  *See* Section III(C.) above. Defendants' motion for summary judgment on Plaintiffs' claim under the MMWL will accordingly be granted.

## V.

Defendants have moved for summary judgment on Plaintiffs' unjust enrichment claim because Defendants paid Plaintiffs for all hours worked.  To prevail on an unjust enrichment claim, Plaintiffs must show:  "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc*., 202 Mich. App. 366, 375 (1993) (citing *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991)).  Defendants contend that if the Court determines that CSI is entitled to summary judgment on Plaintiffs' other claims, Plaintiffs' unjust enrichment claim also fails because they were, as a matter of law, compensated for all "work" performed.

Plaintiffs have not responded directly to Defendants' argument regarding their unjust enrichment claim.  Nevertheless, Plaintiffs have presented evidence in support of their claim that they conferred a benefit to CSI through uncompensated work, and this Court has determined above that Defendants are not entitled to summary judgment on all of Plaintiffs' other claims.  Accordingly, Defendants' motion for summary judgment on Plaintiffs' unjust enrichment claim will be denied.

**VI.**

Defendants have moved for summary judgment on Plaintiffs' prevailing wage claim because Plaintiffs cannot prove that they performed any work covered by the New Jersey state prevailing wage act.  Defendants have provided the declaration of Edward Lekan who states that Plaintiffs did not work on any prevailing wage jobs in New Jersey.  (Lekan Decl. ¶ 15.)

In response to Defendants' motion for summary judgment, Plaintiffs have not presented evidence of any violations of the New Jersey prevailing wage act.  Instead, they complain that Defendants have not responded to Plaintiffs' discovery requests for copies of prevailing wage contracts for projects in the state of New Jersey.  Plaintiffs request the court to order Defendants to produce them now.

Plaintiffs' remedy for Defendants' failure to provide requested discovery was to file a motion to compel discovery.  Plaintiffs have not done that.  Discovery has now closed.  Plaintiffs' request for an order compelling discovery, contained within their response to a motion for summary judgment, is not timely and will be denied.

**VII.**

For the reasons stated herein, Defendants' motion for summary judgment will be granted in part and denied in part.

An order consistent with this opinion will be entered.


Date:    March 6, 2012                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE

14